# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID MORRIS and PAMELA MORRIS,

    Plaintiffs,

        v.

WEST MANHEIM TOWNSHIP, CHIEF TIMOTHY HIPPENSTEEL, OFFICER SCHNEIDER, SCOTT STRAUSBAUGH, MARK BARNEY, and KEVIN NULL,

    Defendants.

CIVIL ACTION NO. 1:CV-12-1647

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court are Defendants West Manheim Township and Chief Timothy Hippensteel's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 7) and the Motion of Defendants Scott Strausbaugh and Mark T. Barney to Dismiss. (Doc. 12.) Because the Complaint fails to state a claim against these Defendants upon which relief can be granted, the motions to dismiss will be granted.

## I. Background

### A. Factual Allegations

The facts as alleged in the Complaint are as follows:

Plaintiffs David and Pamela Morris claim that Defendants West Manheim Township, two police officers, Chief Timothy Hippensteel ("Hippensteel") and Officer Schneider ("Schneider"), the West Manheim Township Manager Kevin Null ("Null"), and two private citizens, Scott Strausbaugh ("Strausbaugh") and Mark Barney ("Barney"), violated their civil rights. (*Compl.*, ¶ 1.) On or about August 18, 2010, David and Pamela Morris were plaintiffs in a prior federal lawsuit, *Morris v. Kesselring, et al.*, No. 1:09-cv-1739 (M.D. Pa.) (the "2009 Action"), asserting claims for violations of their federally guaranteed rights. (*Id*. at ¶ 5.) West Manheim Township, Hippensteel, Schneider, Strausbaugh, and Barney were all defendants in the 2009 Action. (*Id*.) The 2009 Action was ultimately settled as against West Manheim

Township, Hippensteel, and Schneider. (*Id*. at ¶¶ 5-6.) Specifically, those defendants agreed to provide money damages and return certain valuable firearms to Plaintiffs which had been unlawfully taken. (*Id*. at ¶ 6.) The defendants abrogated the subject agreement, however, by refusing to return the firearms despite numerous requests. (*Id*.)

In October 2007, Plaintiffs acquired a property at 222 Hobart Road, Hanover, Pennsylvania (the "Property"). (*Id*. at ¶ 7.) The Property carried with it access to an easement for use of a driveway to allow safe exit and entry from their home to Hobart Road. (*Id*. at ¶ 8.) The easement had been in uninterrupted use since the 1950s. (*Id*. at ¶ 11.)

On or about the second or third week of August 2010, Strausbaugh and Barney placed posts and gates across the easement. (*Id*. at ¶ 9.) Thereafter, on August 18, 2010, Plaintiffs spoke with Schneider who told them they were not allowed to use the easement. (*Id*. at ¶ 10.) Schneider told Plaintiffs they would be charged with criminal trespass or burglary if they touched or removed the gates or posts. (*Id*.) Schneider indicated that his orders came from Hippensteel and that the Supervisors voted on it. (*Id*.)

Plaintiffs then spoke with Hippensteel, the Chief of the West Manheim Township Police Department. (*Id*. at ¶ 12.) Hippensteel informed Plaintiffs that they would be arrested if they used the easement or interfered with the gates and posts. (*Id*. at ¶ 13.)

Plaintiffs then initiated their own investigation to determine if permits had been issued for the erection of the gates or posts on the easement. (*Id*. at ¶¶ 14-15.) Plaintiffs spoke with Heather Neiderer at the West Manheim Township municipal building. Plaintiffs were informed that no permits had been requested or issued, but Ms. Neiderer was not allowed to further discuss the blockage of the easement. (*Id*. at ¶ 16.) Ms. Neiderer then asked Null to speak with Plaintiffs. (*Id*.) Null was not interested in talking to Plaintiffs about West Manheim Township's role in facilitating the blockage of the easement. (*Id*. at ¶¶ 17-18.) Null dismissed Plaintiffs' request for information out-of-hand. (*Id*. at ¶ 18.)

Without use of the easement, Plaintiffs are required to drive a considerable distance through unsafe traffic conditions to access their mailbox. (*Id*. at ¶ 19.)

Prior to Strausbaugh and Barney's actions, Plaintiffs received no notice, warnings, or indications that the easement would be blocked. (*Id*. at ¶¶ 20-21.) West Manheim Township ratified and enforced Strausbaugh and Barney's conduct via police edict. (*Id*. at ¶ 20.)

After August 18, 2010, Plaintiffs received a letter from a law firm indicating that a survey of the easement had been performed. (*Id*. at 22.) The survey revealed that the description of the easement's boundaries was incorrect. (*Id*.)

**B.  The 2009 Action**

**1.  The District Court Proceedings**

Plaintiffs commenced the 2009 Action on September 8, 2009 asserting various claims against multiple individuals and municipalities, including West Manheim Township, Hippensteel, and Schneider. *See Morris v. Kesselring, et al.*, No. 1:09-cv-1739 (M.D. Pa. Sept. 8, 2009), ECF No. 1. On February 2, 2010, Plaintiffs were granted leave to file an amended complaint, and Strausbaugh and Barney were added as defendants to the 2009 Action. *See Morris v. Kesselring, et al.*, No. 1:09-cv-1739 (M.D. Pa. Feb. 2, 2010), ECF No. 44. The defendants then filed a number of motions to dismiss, as well as a motion for a more definite statement. The Court found that the amended complaint failed to sufficiently apprise the defendants of the necessary details to respond to the pleading. Thus, the motion for a more definite statement was granted. *See Morris v. Kesselring, et al.*, No. 1:09-cv-1739 (M.D. Pa. Dec. 6, 2010), ECF No. 107. Plaintiffs, however, were permitted to file a second amended complaint. *Id*.

The second amended complaint was filed by Plaintiffs on December 28, 2010. *See Morris v. Kesselring, et al.*, No. 1:09-cv-1739 (M.D. Pa. Dec. 28, 2010), ECF No. 111. Prior

3

to the filing of the second amended complaint, the claims against defendants Schneider, Hippensteel, and West Manheim Township were "resolved to the satisfaction of all parties." *Id*. Accordingly, no claims were asserted against those defendants in the second amended complaint. As against Strausbaugh and Barney, the plaintiffs claimed that they were retaliated against in violation of the First Amendment after they exercised their rights to petition for redress of grievances. *See id*. Plaintiffs also claimed that their Fourteenth Amendment rights were violated when these defendants were permitted to erect a gate blocking the entrance to a driveway used by the plaintiffs. *See id*.

A number of the non-settling defendants then sought dismissal of the plaintiffs' second amended complaint. *See Morris v. Kesselring, et al.*, No. 1:09-cv-1739, ECF Nos. 117, 119, 123, 126, 127. On May 9, 2011, the plaintiffs' second amended complaint was dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See Morris v. Kesselring, et al.*, No. 1:09-cv-1739 (M.D. Pa. May 9, 2011), ECF No. 156. The plaintiffs sought reconsideration of the dismissal of their case, but the motion for reconsideration was denied. *See Morris v. Kesselring, et al.*, No. 1:09-cv-1739 (M.D. Pa. May 23, 2011), ECF No. 157.

Following the dismissal of the plaintiffs' complaint, Strausbaugh and Barney filed a motion for attorney's fees. *See Morris v. Kesselring, et al.*, No. 1:09-cv-1739 (M.D. Pa. May 23, 2011), ECF No. 159. The motion was granted because:

> defendants were a prevailing party under 42 U.S.C. § 1988 as the 41(b) motion operated as an adjudication on the merits. The Court finds plaintiffs claims against these defendants, *i.e.*, that the defendants violated their Fourteenth and First Amendment rights by blocking access to a driveway, frivolous and without foundation. The complaint is bereft of any plausible allegations that these defendants were "state actors" for purposes of § 1983 or that their blocking access to a private driveway defendants owned constituted civil rights violations. Looking at the factors outlined in *Barnes*: plaintiffs failed to establish a *prima facie* case against these defendants, the defendants never offered to settle, there was no trial on the merits, the issue was not one of first impression, and the denial of driveway access did not pose a real threat of injury to plaintiffs. Furthermore, plaintiffs adamant refusal to amend their pleadings in the face of multiple directives from this Court speaks

> to the frivolous nature of their claims. If the plaintiffs had something substantive to allege, it stands to reason they would have alleged it rather than engage in the obstructive and pointless exercise of filing the same pleading after court direction to amend.

*Morris v. Kesselring, et al.*, No. 1:09-cv-1739 (M.D. Pa. December 8, 2011), ECF No. 178.

### 2. The Appeal

Following the Rule 41(b) dismissal of the 2009 Action, the plaintiffs filed an appeal with the United States Court of Appeals for the Third Circuit. The plaintiffs appealed both the dismissal of the action and the order awarding attorney's fees to Strausbaugh and Barney. *See Morris v. Kesselring*, Nos. 11-4360, 12-1069, 2013 WL 618797, at *1 (3d Cir. Feb. 20, 2013). The Third Circuit affirmed both decisions. *See id*.

First, the Third Circuit found that the appellants waived any claim of error with respect to the dismissal of their case and the denial of their motion for reconsideration. *See id*. at *2. As to the appeal of the award of attorney's fees, the Third Circuit held that:

> the District Court did not err when it found that the Morrises' claims- that Strausbaugh and Barney violated the Morrises' First and Fourteenth Amendment rights by blocking access to a private driveway- were frivolous. We agree with the District Court's finding that the second amended complaint "is bereft of any plausible allegations that these defendants were 'state actors' for purposes of § 1983 or that their blocking access to a private driveway defendants owned constituted civil rights violations." Therefore, the District Court did not abuse its discretion in granting attorney's fees to Strausbaugh and Barney.

*Id*. at *3 (internal citation omitted).

### 3. Plaintiffs' Claims and the Motions to Dismiss the Instant Action

The Complaint was filed in this action on August 17, 2012 asserting two claims. (*Compl*.) In Count I, Plaintiffs assert a retaliation claim under the Petition Clause of the First Amendment against all Defendants. (*Id.*, at Count I.) Count II alleges that all Defendants violated Plaintiffs' Fourteenth Amendment rights by depriving them of their property interest in the use of the easement. (*Id*. at Count II.)

On September 11, 2012, Defendants West Manheim Township and Hippensteel

5

moved to dismiss the Complaint. (Doc. 7.) On October 22, 2012, Defendants Strausbaugh and Barney also moved to dismiss the Complaint. (Doc. 12.)[1] The motions to dismiss have now been fully briefed and are ripe for disposition.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of their claims. *See Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2000). The Court does not consider whether a plaintiff will ultimately prevail. *See id*. A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The statement required by Rule 8(a)(2) must give the defendant fair notice of what the . . . claim is and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Detailed factual allegations are not required. *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955. However, mere conclusory statements will not do; "a complaint must do more than allege the plaintiff's entitlement to

---

[1] As noted, this action was commenced on August 17, 2012. The docket reflects that a summons was issued as to all Defendants and provided to Plaintiffs' counsel on August 21, 2012. To date, there has been no return of service filed with the Court as to Defendants Null or Schneider. Therefore, as will be set forth in a separate Order accompanying this Memorandum, Plaintiffs will be ordered to show cause as to why the action should not be dismissed against Defendants Null or Schneider for failure to prosecute.

6

relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Instead, a complaint must "show" this entitlement by alleging sufficient facts. *Id*. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009). As such, "[t]he touchstone of the pleading standard is plausability." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

The inquiry at the motion to dismiss stage is "normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955, meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 677, 129 S. Ct. 1937. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679, 129 S. Ct. 1937.

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The

7

Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id*. The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions.'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429–30 (3d Cir. 1997)).

### III. Discussion

Defendants West Manheim Township, Hippensteel, Strausbaugh, and Barney have all moved to dismiss the Complaint. For the reasons that follow, the motions will be granted.

### A. West Manheim Township and Hippensteel's Motion to Dismiss

West Manheim Township and Hippensteel assert that Plaintiffs' Complaint must be dismissed pursuant to the terms of the Settlement Agreement and Release that resolved the 2009 Action (the "Settlement Agreement"). Specifically, West Manheim Township and Hippensteel argue that the Settlement Agreement serves as a contractual bar to preclude the claims raised by Plaintiffs in the instant action.

In opposition, Plaintiffs acknowledge that "[t]he only issue before this court is whether the agreement to settle prevents the plaintiffs from bringing the new complaint under the attendant circumstances." (Doc. 9, 7.)[2] Plaintiffs contend, however, that Defendants "should not now receive the benefit of raising an agreement they intentionally violated as a bar to a timely filed cause of action for their continued (and continued as this is being written)

---

[2] Defendants and Plaintiffs refer to the Settlement Agreement as "court-approved." However, based on a review of the docket from the 2009 Action, as well as the Settlement Agreement submitted in this case, it does not appear that the agreement was ever submitted to the court for approval.

8

violation of the plaintiffs [sic] rights." (*Id.* at 8.) Essentially, Plaintiffs position is that because West Manheim Township and Hippensteel allegedly breached the terms of the Settlement Agreement, the constitutional claims are properly asserted against them in this action.

"It is well-established that a release is the giving up or the abandoning of a claim or right to the person against whom the claim exists or the right is to be enforced or exercised . . . ." *Complaint of Bankers Trust Co.*, 752 F.2d 874, 883 (3d Cir.1984). Although federal courts have "the power to apply federal common law to interpret releases" of federal claims, courts are also "free to apply a rule of state law." *Three Rivers Motor Co. v. Ford Motor Co.*, 522 F.2d 885, 892 (3d Cir. 1975). In determining whether to apply state law or adopt a federal rule to interpret the release of a federal claim, "I must review the following factors: 'the need for a common federal rule, the extent to which the transaction in question fits within the normal course of activities regularly governed by state law, and the possibility of the state rule frustrating the operation of the federal statutory scheme.'" *Pocopson Indus., Inc. v. Hudson United Bank*, No. 05–6173, 2006 WL 2092578, at *8 (E.D. Pa. July 26, 2006) (O'Neill, J.) (citing *Three Rivers*, 522 F.2d at 892). In this particular case, "the Court finds that the factors weigh in favor of interpreting the release under state law, particularly in the present case where the parties' agreement includes a choice of law provision." *Phillis v. Harrisburg Sch. Dist.*, No. 07-1728, 2010 WL 1390663, at *5 (M.D. Pa. Mar. 31, 2010) (citing *Huber v. Taylor*, 469 F.3d 67, 80 (3d Cir. 2006))*; see also Three Rivers*, 522 F.2d at 891 ("State law customarily governs the field of contracts and it is to state rather than federal law that private parties are likely to refer when formulating the terms of a contractual release.").[3]

---

[3] The Settlement Agreement provides that "this Release shall be governed by and interpreted in accordance with Pennsylvania law as it existed on the date of execution hereof." (*Settlement Agreement and Release*, ¶ 15.)

9

In Pennsylvania, the effect of a release is to be determined by the ordinary meaning of its language. *Republic Ins. Co. v. Paul Davis Systems of Pittsburgh South, Inc.*, 543 Pa. 186, 189, 670 A.2d 614, 615 (1995); *Buttermore v. Aliquippa Hospital*, 522 Pa. 325, 328-29, 561 A.2d 733, 735 (1989). Parties with possible claims may settle their differences upon such terms as are suitable to them. *Buttermore*, 522 Pa. at 329, 561 A.2d at 735. As articulated by the Pennsylvania Supreme Court:

> Parties with possible claims may settle their differences upon such terms as are suitable to them. They may agree for reasons of their own that they will not sue each other, or anyone else, for the event in question. When the parties to a release agree not to sue each other or anyone else for a given event, this can effect a discharge of others who have not contributed consideration for the release. This is true even if the language of the release is general, releasing, for example, "any and all other persons" rather than specifically naming the persons released. However improvident the release may be or subsequently prove to be for either party, their agreement, absent fraud, accident or mutual mistake, is the law of their case. If such a release can be nullified or circumvented, then every written release and every written agreement of any kind, no matter how clear and pertinent, can be set aside whenever one of the parties changes its mind or the injured party receives an inadequate settlement.

*Taylor v. Solberg*, 566 Pa. 150, 155-56, 778 A.2d 664, 667-68 (2001) (citations omitted).

Here, the language in the Settlement Agreement unambiguously released the claims against West Manheim Township and Hippensteel that are asserted in the instant action. Specifically, the Settlement Agreement provides that in exchange for $3,000.00 and return of two firearms:

> Plaintiffs do hereby agree to dismiss with prejudice all claims for damages, costs and fees against Defendants which they have made or which they could have made in connection with the action captioned *David Lee Morris, et al. v. Ronald Kesselring, et al.*, No. 1:09-CV-1739, United States District Court for the Middle District of Pennsylvania (hereinafter the "captioned action").

(*Settlement Agreement and Release*, ¶ 3.) Moreover, "[i]t is further understood and agreed by the parties and the Plaintiffs, . . . do hereby agree to fully and forever remise, release , acquit and discharge completely and absolutely the said Defendants from any and all actions, causes of action, suits, claims, damages and demands of every kind, . . ." (*Id*. at ¶ 4.) In addition, Plaintiffs agreed to accept the terms of the Settlement Agreement in their

10

own right, and on behalf of their heirs, executors, administrators and/or assigns, "as full settlement and satisfaction of any and all actions, causes of actions, agreements, judgments, claims, damages, loss of services, costs, expenses of litigation and attorneys' fees arising in any way from the captioned litigation." (*Id*. at ¶ 5.) Further, the "Release is intended to avoid this and future litigation against the above-named Defendants released herein and to be final and complete." (*Id*. at ¶ 7.)

Based on the clear terms of the Settlement Agreement, Plaintiffs released all claims which they made or could have made against West Manheim Township and Hippensteel. As a result, the constitutional claims asserted against Defendants West Manheim Township and Hippensteel in this case are precluded and will be dismissed.[4] And, although the Third Circuit has instructed that a district court must permit a curative amendment if a claim is vulnerable to a 12(b)(6) dismissal, a court need not grant leave to amend if amendment would be inequitable or futile. *See Phillips v. Cnty. of Allegheny,* 515 F.3d 224, 236 (3d Cir. 2008). Because the Settlement Agreement precludes Plaintiffs' claims against West Manheim Township and Hippensteel, amendment of these claims would be futile. Thus, the claims against these Defendants will be dismissed with prejudice.

**B.    Strausbaugh and Barney's Motion to Dismiss**

Strausbaugh and Barney also seek dismissal of the Complaint for failure to state a claim upon which relief can be granted. Among other arguments, Strausbaugh and Barney assert that the claims fail because they are not state actors and Plaintiffs are precluded from reasserting their claims in this Court based on the Rule 41(b) dismissal of the 2009 Action.

---

[4]     To the extent Plaintiffs' claim is based on Defendants' alleged failure to abide by the terms of the Settlement Agreement, Plaintiffs' recourse may be to pursue a breach of contract action in a court of competent jurisdiction.

11

In opposition, Plaintiffs argue that Defendants are state actors in this action because they acted as agents for the West Manheim Township Board when they carried out the Board's edict to erect a gate on the easement. Plaintiffs also dispute that these claims are barred by the Rule 41(b) dismissal of the 2009 Action because they "are not re-asserting any claims in this Court that they have previously asserted," as "they are wholly separate and distinct causes of action." (Doc. 17, 9.)

Defendants Strausbaugh and Barney's motion to dismiss will be granted because Plaintiffs are precluded from raising the same claims in the same court. The prior action, as discussed, was dismissed pursuant to Rule 41(b), which states:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Because the order of dismissal in the 2009 Action did not state otherwise, the dismissal "operate[d] as an adjudication on the merits." The Supreme Court has determined that the effect of the "adjudication on the merits" default provision of Rule 41(b) bars "refiling of the same claim in the [same court]." *Semtek Int'l Inc. v Lockheed Martin Corp.*, 531 U.S. 497, 506, 121 S. Ct. 1021, 149 L. Ed. 2d 32 (2001).[5] Thus, Rule 41(b) is meant to "prevent the losing party from bringing the same claims back to the same court." *Jackson v. Dow Chem. Co.*, - - - F. Supp. 2d - - -, 2012 WL 4510913, at \*7 (E.D. Pa. Sept. 28, 2012) (citing *Semtek*, 531 U.S. at 505-06, 121 S. Ct. 1021).

According to Plaintiffs, the claims raised in this action are distinct causes of action

---

[5] The Supreme Court cautioned that Rule 41(b) was not intended to govern federal claim preclusion. *See Semtek*, 531 U.S. at 506, 121 S. Ct. 1021; *see also Jackson v. Dow Chem. Co.*, - - - F. Supp. 2d - - -, 2012 WL 4510913, at \*8 (E.D. Pa. Sept. 28, 2012) ("Rule 41(b) was intended to govern the internal procedures of the federal courts and not to establish broad principles of federal preclusion.").

12

that have never been raised before, and, therefore, they are not precluded by the Rule 41(b) dismissal of the 2009 Action. Specifically, Plaintiffs identifies the difference in that "[t]he present case involves a Board of Supervisors vote to obstruct [sic] a further physical obstruction, an actual gate, keeping plaintiffs from lawful access to their property in which an additional defendant, Kevin Null was involved- it is a wholly separate and discrete cause of action that stands on its own." (Doc. 17, 1-2.) A comparison of the Complaint with the second amended complaint in the 2009 Action, however, shows that the claims against Strausbaugh and Barney were previously raised by Plaintiffs. Indeed, the purportedly distinct and distinguishing allegations related to the Board of Supervisors vote was, in fact, asserted in the 2009 Action. *See Morris v. Kesselring, et al.*, No. 1:09-cv-1739 (M.D. Pa. Dec. 28, 2010), ECF No. 111, ¶¶ 164, 166. In particular, Plaintiffs alleged in the 2009 Action that Strausbaugh and Barney "got together with West Manheim Township Supervisors . . . to concoct and carry out a malicious vindictive plan to retaliate against the plaintiffs for filing the current lawsuit in this matter," and "the Supervisors of West Manheim Township had voted that Strausbaugh and Barney were permitted (without getting a permit) to erect a gate blocking the entrance to, and use of, the driveway at the site where the plaintiffs' mailbox is at the main road." *Id*. Suffice it to say, with respect to the retaliation under the Petition Clause claim and the deprivation of property rights claim against Strausbaugh and Barney, they are identical to those asserted in the 2009 Action that were dismissed pursuant to Rule 41(b). Plaintiffs are therefore precluded from litigating the same claims against these Defendants in this action.

Even if Plaintiffs were not precluded from reasserting the same claims in this case that were previously dismissed, which they are for the reasons previously discussed, the motion to dismiss would nevertheless be granted because the allegations are insufficient to establish that Strausbaugh and Barney are "state actors" for purposes of § 1983. Section

1983 provides:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. To state a § 1983 claim, a plaintiff must plead two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 580–81 (3d Cir. 2003).

A private citizen may be liable under § 1983 if they were acting under color of state law or "jointly engaged with state officials in the prohibited action." *Harvey v. Plains Twp. Police Dep't*, 421 F.3d 185, 195 (3d Cir. 2005) (quoting *United States v. Price*, 383 U.S. 787, 794, 86 S. Ct. 1152, 16 L. Ed. 2d 267 (1966)). "[T]he inquiry is whether there is a sufficiently close nexus between the State and the challenged action of the private party so that the action of the latter may be fairly treated as that of the State itself." *Id*. A private actor must be at least a "willful participant in joint activity with the State or its agents." *Id*.

With regard to the second amended complaint in the 2009 Action, which asserted similar averments to those set forth in the Complaint here, it was found by this Court and the Third Circuit to have been devoid of allegations that Strausbaugh and Barney could be found to be "state actors" for purposes of § 1983. First, I found the complaint "bereft of any plausible allegations that these defendants were 'state actors' for purposes of § 1983 or that their blocking access to a private driveway defendants owned constituted civil rights violations." *Morris v. Kesselring, et al.*, No. 1:09-cv-1739 (M.D. Pa. December 8, 2011), ECF No. 178. Recently, the Third Circuit affirmed this decision in holding that Plaintiffs' claims that Strausbaugh and Barney violated their constitutional rights by blocking access to the

14

easement were frivolous. *See Morris*, 2013 WL 618797, at *3.  In its decision, the Third Circuit also reiterated that the complaint was devoid of any allegations that the private Defendants were "state actors" for purposes of § 1983.  As the allegations in the instant Complaint are virtually identical, the same conclusion logically follows: Plaintiffs have failed to plausibly allege that the private Defendants are "state actors" in this action.

And, even disregarding these prior determinations, the Complaint does not sufficiently set forth facts stating that Strausbaugh and Barney are "state actors" under § 1983.  As to the First Amendment claim, Plaintiffs specifically aver that "Strausbaugh (an attorney) and Barney retaliated simply because they had been named by the plaintiffs in the original lawsuit for violating their rights." (*Compl.*, ¶ 27.)  This allegation suggests that the private Defendants acted on their own behalf, absent any "joint activity" with the State. *See Harvey*, 421 F.3d at 195.

The "state action" allegations are also insufficient with regard to the Fourteenth Amendment claim.  Plaintiffs assert that the erection of the posts and gate by Strausbaugh and Barney was enforced by "police edict" and "[p]rivate citizens do not have the right to engage in using the police and other government authority as a private vehicle to seek and enforce their civil ends."  (*Compl.*, ¶¶ 20, 31.)  These allegations, however, do not detail a "sufficiently close nexus between the State and the challenged action of the private party so that the action of the latter may be fairly treated as that of the State itself." *Harvey*, 421 F.3d at 195.  At most, the Complaint details that government officials became aware that a gate was constructed by the private Defendants, Plaintiffs were thereafter informed not to tamper with the gate, and this was somehow related to an "unlawful agreement" or a "plot" to deprive Plaintiffs of their federal rights. *(Compl.*, ¶¶ 9-10, 13, 24, 37.)  Missing from these allegations, however, are any clearly detailed factual averments of what or how joint activity occurred involving Strausbaugh, Barney, and the West Manheim Township

Defendants. Furthermore, even if Plaintiffs' Complaint was found to sufficiently allege that Strausbaugh and Barney were "state actors," this would not alter the fact that Plaintiffs are precluded from re-litigating the same claims from the 2009 Action against Defendants Strausbaugh and Barney in this case. And, as an amendment to the Complaint would not cure this deficiency, the claims against Strausbaugh and Barney will be dismissed with prejudice.

## IV. Conclusion

For the above stated reasons, the motions to dismiss filed by Defendants West Manheim Township, Timothy Hippensteel, Scott Strausbaugh, and Mark Barney will be granted.

An appropriate order follows.


March 13, 2013                                                 /s/ A. Richard Caputo
Date                                                                     A. Richard Caputo
                                                                                             United States District Judge