**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

DAVID MORRIS and PAMELA MORRIS,

    Plaintiffs,

        v.

WEST MANHEIM TOWNSHIP, CHIEF TIMOTHY HIPPENSTEEL, OFFICER SCHNEIDER, SCOTT STRAUSBAUGH, MARK BARNEY, and KEVIN NULL,

    Defendants.

CIVIL ACTION NO. 1:CV-12-1647

(JUDGE CAPUTO)

**MEMORANDUM**

Presently before the Court is the Motion of Defendants Scott Strausbaugh and Mark T. Barney to Recover Attorney's Fees. (Doc. 21.) Defendants seek to recover fees from Plaintiffs and/or Plaintiffs' counsel pursuant to 42 U.S.C. § 1988, 28 U.S.C. § 1927, Rules 11 and 54 of the Federal Rules of Civil Procedure, and Middle District of Pennsylvania Local Rule 83.3.1. For the reasons that follow, Defendants Strausbaugh and Barney's motion will be denied.

**I. Background**

The instant action is the second of two federal lawsuits filed by Plaintiffs against multiple Defendants, including Defendants Strausbaugh and Barney. With respect to Defendants Strausbaugh and Barney, both actions relate to their alleged deprivation of Plaintiffs' rights by erecting a gate blocking a driveway entrance used by Plaintiffs. In both cases, Plaintiffs claimed Defendants Strausbaugh and Barney violated their First and Fourteenth Amendment rights.

The first action, *Morris v. Kesselring, et al.*, No. 1:09-cv-1739 (M.D. Pa.) (the "2009 Action"), was resolved in this Court in favor of Defendants Strausbaugh and Barney. Specifically, the claims against these Defendants were dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See Morris v. Kesselring, et al.*, No. 1:09-cv-1739

(M.D. Pa. May 9, 2011), ECF No. 156.  Following the dismissal of the 2009 Action, Defendants Strausbaugh and Barney were awarded their attorney's fees pursuant to 42 U.S.C. § 1988. *Morris v. Kesselring, et al.*, No. 1:09-cv-1739 (M.D. Pa. Dec. 8, 2011), ECF No. 178.

Plaintiffs appealed the dismissal of the action, *Morris v. Kesselring, et al.*, No. 1:09-cv-1739 (M.D. Pa. Dec. 5, 2011), ECF No. 177, and the award of attorney's fees to the United States Court of Appeals for the Third Circuit. *Morris v. Kesselring, et al.*, No. 1:09-cv-1739 (M.D. Pa. Jan. 6, 2012), ECF No. 182.

While the 2009 Action was pending on appeal, Plaintiffs commenced the instant litigation. *Morris v. W. Manheim Twp., et al.*, No. 1:12-cv-1647 (M.D. Pa. Aug. 17, 2012), ECF No. 1 (the "2012 Action").  As in the 2009 Action, the 2012 Action asserted claims against Defendants Strausbaugh and Barney for deprivations of Plaintiffs' First and Fourteenth Amendment rights.  Defendants Strausbaugh and Barney moved to dismiss Plaintiffs' Complaint. *Morris v. W. Manheim Twp., et al.*, No. 1:12-cv-1647 (M.D. Pa. Oct. 22, 2012), ECF No. 12.

Prior to the resolution of Defendants Strausbaugh and Barney's motion to dismiss the 2012 Action, the Third Circuit affirmed the dismissal of the 2009 Action and the award of attorney's fees to Defendants Strausbaugh and Barney. *See Morris v. Kesselring*, Nos. 11-4360, 12-1069, 2013 WL 618797, at *1 (3d Cir. Feb. 20, 2013).  Shortly thereafter, Defendants Strausbaugh and Barney's motion to dismiss the 2012 Action was granted. *See Morris v. W. Manheim Twp.*, No. 12-1647, 2013 WL 995551 (M.D. Pa. Mar. 13, 2013).

On March 27, 2013, Defendants Strausbaugh and Barney filed the instant motion for recovery of attorney's fees incurred in defending the 2012 Action. (Doc. 21.) The motion is fully briefed and is ripe for disposition.

## II. Discussion

Defendants Strausbaugh and Barney seek recovery of their attorney's fees pursuant to 42 U.S.C. § 1988, 28 U.S.C. § 1927, Rules 11 and 54 of the Federal Rules of Civil Procedure, and Middle District of Pennsylvania Local Rule 83.3.1.

### A.     42 U.S.C. § 1988

First, Defendants Strausbaugh and Barney seek recovery of their attorney's fees pursuant to 42 U.S.C. § 1988, which provides: "[i]n any action or proceeding to enforce a provision of section[ ] . . . 1983 . . . , the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, . . ." 42 U.S.C. § 1988(b). The "prevailing party" can be either the plaintiff or the defendant, "but a prevailing defendant is entitled to attorney's fees only 'upon a finding that the plaintiff's action was frivolous, unreasonable or without foundation . . . .'" *Barnes Found. v. Twp. of Lower Merion*, 242 F.3d 151, 157-58 (3d Cir. 2001) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 416-17, 98 S. Ct. 694, 700, 54 L. Ed. 2d 648 (1978)). A court need not find the plaintiff brought the action in bad faith to award attorney's fees to the prevailing defendant, but the court must "'resist the understandable temptation to engage in *post hoc* reasoning by concluding that because a plaintiff did not ultimately prevail his action must have been unreasonable or without foundation.'" *Id*. at 158 (quoting *Christiansburg*, 434 U.S. at 421-22, 98 S. Ct. 694).

The Third Circuit has identified a number of factors relevant to a court's determination whether an award of attorneys' fees to a prevailing defendant is appropriate under § 1988, including: (1) whether the plaintiff established a *prima facie* case; (2) whether the defendant offered to settle; (3) whether the case was dismissed prior to trial; (4) whether the case involved an issue of first impression requiring judicial resolution; (5) whether the controversy was based on a real threat of injury to the plaintiff; and (6) whether the trial

3

court found the suit frivolous. *Barnes Found.*, 242 F.3d at 158. These considerations, however, are only guidelines, not strict rules. *Id*.

Although Plaintiffs were unsuccessful in this action, the Court will not rely on "hindsight logic," *Christiansburg*, 434 U.S. at 422, 98 S. Ct. 694, in determining whether to award fees in this case. Rather, considering the relevant factors identified by the Third Circuit as a whole, and also noting that "determinations regarding frivolity are to be made on a case-by-case basis," *Barnes Found.*, 242 F.3d at 158 (citation omitted), the Court will not award attorney's fees to Defendants Strausbaugh and Barney under § 1988 in this case.

**B. 28 U.S.C. § 1927**

Second, Defendants argue that sanctions should be imposed on Plaintiffs' counsel pursuant to 28 U.S.C. § 1927. Section 1927 states:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. Section 1927 "requires a court to find an attorney has (1) multiplied proceedings; (2) in an unreasonable and vexatious manner; (3) thereby increasing the cost of the proceedings; and (4) doing so in bad faith or by intentional misconduct." *In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 101 (3d Cir. 2008) (*In re Prudential Ins. Co. America Sales Practice Litig.*, 278 F.3d 175, 188 (3d Cir. 2002)). Prior to imposing sanctions under § 1927, the court must find willful bad faith on the part of the offending attorney. *In re Prudential*, 278 F.3d at 188 (citing *Zuk v. Eastern Pennsylvania Psychiatric Institute*, 103 F.3d 294, 297 (3d Cir. 1996)). "'Indications of this bad faith are findings that the claims advanced were meritless, that counsel knew or should have known this, and that the motive for filing the suit was for an improper purpose such as harassment.'" *Id*. (quoting

4

*Smith v. Detroit Fed'n of Teachers Local 231, Am. Fed. of Teachers, AFL-CIO*, 829 F.2d 1370, 1375 (6th Cir. 1987).

Sanctions will not be imposed against Plaintiffs' counsel under § 1927. While Plaintiffs' counsel multiplied and increased the costs of the proceedings, the Court does not find counsel's actions to have been vexatious or in bad faith. Rather, counsel's conduct was a product of "misunderstanding, bad judgment, or well-intentioned zeal." *Lasalle Nat'l Bank v. First Conn. Holding Grp., LLC*, 287 F.3d 279, 289 (3d Cir. 2002) (citations omitted). Thus, sanctions under § 1927 are not warranted in this case.

**C.     Rule 11**

Next, Defendants Strausbaugh and Barney assert that attorney's fees should be awarded under Rule 11 of the Federal Rules of Civil Procedure. Rule 11(b) provides:

> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Under Rule 11(c), "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). When a request for sanctions are made by motion under Rule 11, the motion "must not be filed or be presented to the court

5

if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2). Sanctions imposed under Rule 11, however, "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). Sanctions may "include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." *Id*.

In evaluating a Rule 11 motion for sanctions, a district court must determine whether the attorney's conduct was objectively reasonable under the circumstances. *See Ario v. Underwriting Members of Syndicate 53 at Lloyds for the 1998 Year of Account*, 618 F.3d 277, 297 (3d Cir. 2010). Sanctions under Rule 11 are "to be applied only 'in the exceptional circumstance' where a claim or motion is patently unmeritorous or frivolous." *Id*. (quoting *Doering v. Union Cnty. Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988)). A district court is to consider a wide range of alternative possible sanctions for violations of Rule 11. *See Doering*, 857 F.2d at 194. And, "the imposition of sanctions for a Rule 11 violation is discretionary rather than mandatory." *Grider v. Keystone Health Plan Central, Inc.*, 580 F.3d 119, 146 n.28 (3d Cir. 2009) (quoting *Knipe v. Skinner*, 19 F.3d 72, 78 (2d Cir. 1994)).

The Court declines to impose sanctions against Plaintiffs or their counsel as requested by Defendants under Rule 11, *i.e.*, the attorney's fees they incurred in defending the 2012 action. First, for the reasons stated previously, the Court does not find that monetary sanctions are necessary or warranted in this case. Second, the record is devoid of any indication that Defendants complied with the requirements of Rule 11(c)(2) prior to filing the instant motion for sanctions. *See* Fed. R. Civ. P. 11(c)(2) (Rule 11 motion "must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within

6

another time the court sets."). According to the Third Circuit, "if the twenty-one day period is not provided, the [Rule 11] motion must be denied." *Metro. Life Ins. Co. v. Kalenevitch*, No. 12-1619, 2012 WL 5279264, at *2 (3d Cir. Oct. 26, 2012) (quoting *Schaefer Salt Recovery*, 542 F.3d at 99). The motion for sanctions pursuant to Rule 11 will therefore be denied.

### D.     Local Rule 83.3.1

Lastly, Defendants Strausbaugh and Barney seek recovery of their attorney's fees pursuant to Local Rule 83.3.1. That Rule provides, in pertinent part:

> In the sound discretion of any judge in this court, after notice and an opportunity to be heard, one or more of the following sanctions may be imposed for failure to comply with any rule or order of court:
>
> . . . .
>
> **(b) Imposition of Costs on Attorneys**.
>
> If counsel acts in a dilatory manner or files motions for the purposes of delay, or fails to comply with any rule or order of court, and the judge finds that the sanctions in subsection 83.3.1(a) above are inadequate or unjust to the parties in light of the facts or circumstances, the judge may, in addition to, or in lieu of, such sanctions assess reasonable costs directly against counsel whose action has obstructed the effective administration of the court's business, . . .

M.D. Pa. L.R. 83.3.1.

Counsel's conduct does not require the imposition of discretionary sanctions under Local Rule 83.3.1. Specifically, the Court does not find that counsel acted dilatory or for purposes of delay. Likewise, counsel's conduct did not obstruct the Court's administration of its business. Sanctions under Local Rule 83.3.1 are therefore not justified in this case.

### III. Conclusion

For the above stated reasons, Defendants Strausbaugh and Barney's motion will be denied.

An appropriate order follows.

| | |
|---|---|
| May 20, 2013 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

7