**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

DAVID MORRIS and PAMELA MORRIS,

    Plaintiffs,

        v.

WEST MANHEIM TOWNSHIP, CHIEF
TIMOTHY HIPPENSTEEL, OFFICER
SCHNEIDER, SCOTT STRAUSBAUGH,
MARK BARNEY, and KEVIN NULL,

    Defendants.

CIVIL ACTION NO. 1:CV-12-1647

(JUDGE CAPUTO)

**MEMORANDUM**

Presently before the Court are Defendants West Manheim Township, Chief Timothy Hippensteel, and Officer Schneider's (collectively, "Moving Defendants") Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 36) and Moving Defendants' Motion to Recover Attorney's Fees. (Doc. 38.) Because the Complaint fails to state a claim against Moving Defendants upon which relief can be granted, the motion to dismiss will be granted, but, for the reasons that follow, Moving Defendants motion for attorney's fees will be denied.

**I. Background**

**A.    Factual Allegations**

The facts as alleged in the Complaint are as follows:

Plaintiffs David and Pamela Morris claim that Defendants West Manheim Township, two police officers, Chief Timothy Hippensteel ("Hippensteel") and Officer Schneider ("Schneider"), the West Manheim Township Manager Kevin Null ("Null"), and two private citizens, Scott Strausbaugh ("Strausbaugh") and Mark Barney ("Barney"), violated their civil rights. (*Compl.*, ¶ 1.) On or about August 18, 2010, David and Pamela Morris were plaintiffs in a prior federal lawsuit, *Morris v. Kesselring, et al.*, No. 1:09-cv-1739 (M.D. Pa.) (the "2009 Action"), asserting claims for violations of their federally guaranteed rights. (*Id*. at ¶ 5.) West Manheim Township, Hippensteel, Schneider, Strausbaugh, and Barney were all defendants

in the 2009 Action. (*Id*.) The 2009 Action was ultimately settled as against West Manheim Township, Hippensteel, and Schneider. (*Id*. at ¶¶ 5-6.) Specifically, those defendants agreed to provide money damages and return certain valuable firearms to Plaintiffs which had been unlawfully taken. (*Id*. at ¶ 6.) The defendants abrogated the subject agreement, however, by refusing to return the firearms despite numerous requests. (*Id*.)

In October 2007, Plaintiffs acquired a property at 222 Hobart Road, Hanover, Pennsylvania (the "Property"). (*Id*. at ¶ 7.) The Property carried with it access to an easement for use of a driveway to allow safe exit and entry from their home to Hobart Road. (*Id*. at ¶ 8.) The easement had been in uninterrupted use since the 1950s. (*Id*. at ¶ 11.)

On or about the second or third week of August 2010, Strausbaugh and Barney placed posts and gates across the easement. (*Id*. at ¶ 9.) Thereafter, on August 18, 2010, Plaintiffs spoke with Schneider who told them they were not allowed to use the easement. (*Id*. at ¶ 10.) Schneider told Plaintiffs they would be charged with criminal trespass or burglary if they touched or removed the gates or posts. (*Id*.) Schneider indicated that his orders came from Hippensteel and that the Supervisors voted on it. (*Id*.)

Plaintiffs then spoke with Hippensteel, the Chief of the West Manheim Township Police Department. (*Id*. at ¶ 12.) Hippensteel informed Plaintiffs that they would be arrested if they used the easement or interfered with the gates and posts. (*Id*. at ¶ 13.)

Plaintiffs then initiated their own investigation to determine if permits had been issued for the erection of the gates or posts on the easement. (*Id*. at ¶¶ 14-15.) Plaintiffs spoke with Heather Neiderer at the West Manheim Township municipal building. Plaintiffs were informed that no permits had been requested or issued, but Ms. Neiderer was not allowed to further discuss the blockage of the easement. (*Id*. at ¶ 16.) Ms. Neiderer then asked Null to speak with Plaintiffs. (*Id*.) Null was not interested in talking to Plaintiffs about West Manheim Township's role in facilitating the blockage of the easement. (*Id*. at ¶¶ 17-18.) Null

dismissed Plaintiffs' request for information out-of-hand. (*Id*. at ¶ 18.)

Without use of the easement, Plaintiffs are required to drive a considerable distance through unsafe traffic conditions to access their mailbox. (*Id*. at ¶ 19.)

Prior to Strausbaugh and Barney's actions, Plaintiffs received no notice, warnings, or indications that the easement would be blocked. (*Id*. at ¶¶ 20-21.) West Manheim Township ratified and enforced Strausbaugh and Barney's conduct via police edict. (*Id*. at ¶ 20.)

After August 18, 2010, Plaintiffs received a letter from a law firm indicating that a survey of the easement had been performed. (*Id*. at 22.) The survey revealed that the description of the easement's boundaries was incorrect. (*Id*.)

## B.    The 2009 Action

Plaintiffs commenced the 2009 Action on September 8, 2009 asserting various claims against multiple individuals and municipalities, including West Manheim Township, Hippensteel, and Schneider. *See Morris v. Kesselring, et al.*, No. 1:09-cv-1739 (M.D. Pa. Sept. 8, 2009), ECF No. 1. On February 2, 2010, Plaintiffs were granted leave to file an amended complaint, and Strausbaugh and Barney were added as defendants to the 2009 Action. *See Morris v. Kesselring, et al.*, No. 1:09-cv-1739 (M.D. Pa. Feb. 2, 2010), ECF No. 44. The defendants then filed a number of motions to dismiss, as well as a motion for a more definite statement. The Court found that the amended complaint failed to sufficiently apprise the defendants of the necessary details to respond to the pleading. Thus, the motion for a more definite statement was granted. *See Morris v. Kesselring, et al.*, No. 1:09-cv-1739 (M.D. Pa. Dec. 6, 2010), ECF No. 107. Plaintiffs, however, were permitted to file a second amended complaint. *Id*.

The second amended complaint was filed by Plaintiffs on December 28, 2010. *See Morris v. Kesselring, et al.*, No. 1:09-cv-1739 (M.D. Pa. Dec. 28, 2010), ECF No. 111. Prior

3

to the filing of the second amended complaint, the claims against Schneider, Hippensteel, and West Manheim Township were "resolved to the satisfaction of all parties." *Id*. Accordingly, no claims were asserted against those defendants in the second amended complaint. As against Strausbaugh and Barney, the plaintiffs claimed that they were retaliated against in violation of the First Amendment after they exercised their rights to petition for redress of grievances. *See id*. The plaintiffs also claimed that their Fourteenth Amendment rights were violated when these defendants were permitted to erect a gate blocking the entrance to a driveway used by the plaintiffs. *See id*.

A number of the non-settling defendants then sought dismissal of the plaintiffs' second amended complaint. *See Morris v. Kesselring, et al.*, No. 1:09-cv-1739, ECF Nos. 117, 119, 123, 126, 127. On May 9, 2011, the plaintiffs' second amended complaint was dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See Morris v. Kesselring, et al.*, No. 1:09-cv-1739 (M.D. Pa. May 9, 2011), ECF No. 156. The plaintiffs sought reconsideration of the dismissal of their case, but the motion for reconsideration was denied. *See Morris v. Kesselring, et al.*, No. 1:09-cv-1739 (M.D. Pa. May 23, 2011), ECF No. 157.

The plaintiffs appealed the dismissal of the action, but the Third Circuit affirmed. *See Morris v. Kesselring*, Nos. 11-4360, 12-1069, 2013 WL 618797, at *1 (3d Cir. Feb. 20, 2013).

## C.    The Instant Claims and the Pending Motions

The Complaint was filed in this action on August 17, 2012 asserting two claims. (*Compl.*) In Count I, Plaintiffs assert a retaliation claim under the Petition Clause of the First Amendment against all Defendants. (*Id.*, at Count I.) Count II alleges that all Defendants violated Plaintiffs' Fourteenth Amendment rights by depriving them of their property interest in the use of the easement. (*Id*. at Count II.)

4

On September 11, 2012, Defendants West Manheim Township and Hippensteel moved to dismiss the Complaint. (Doc. 7.) By Memorandum and Order dated March 13, 2013, West Manheim Township and Hippensteel's motion to dismiss was granted (as was the motion to dismiss filed by Defendants Strausbaugh and Barney) and the claims against them were dismissed with prejudice. (Docs. 18; 19.) However, since Schneider had yet to be served at that time, an Order to Show Cause was issued as to why the claims against him should not be dismissed for failure to prosecute. (Doc. 20.) Thereafter, finding that cause was shown for the failure to serve Schneider, Plaintiffs were ordered to effectuate service within thirty (30) days from April 22, 2013. (Doc. 27.)

On May 20, 2013, Plaintiffs docketed a Proof of Service indicating that Schneider was served with the Complaint on May 8, 2013. (Doc. 29.) The Complaint served on Schneider was a copy of the originally filed Complaint, which contains the claims against West Manheim Township and Hippensteel that were previously dismissed. Now, Moving Defendants have filed a motion to dismiss and a motion for attorney's fees.[1] The motions are fully briefed and ripe for disposition.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of their claims. *See Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2000). The Court does not consider whether a plaintiff will ultimately prevail. *See id*. A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United*

---

[1]     Defendants Strausbaugh and Barney previously filed a motion for attorney's fees. (Doc. 21.) The motion was denied on May 20, 2013. (Docs. 30; 31.)

*States*, 220 F.3d 169, 178 (3d Cir. 2000).

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The statement required by Rule 8(a)(2) must give the defendant fair notice of what the . . . claim is and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Detailed factual allegations are not required. *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955. However, mere conclusory statements will not do; "a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Instead, a complaint must "show" this entitlement by alleging sufficient facts. *Id*. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009). As such, "[t]he touchstone of the pleading standard is plausability." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

The inquiry at the motion to dismiss stage is "normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955, meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008)

6

(quoting *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 677, 129 S. Ct. 1937. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679, 129 S. Ct. 1937.

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id*. The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions.'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429–30 (3d Cir. 1997)).

### III. Discussion

As stated, Moving Defendants seek dismissal of the Complaint and recovery of their attorney's fees incurred in defending this action. For the reasons that follow, the motion to dismiss will be granted, but the motion for attorney's fees will be denied.

### A.     The Motion to Dismiss

Schneider asserts that Plaintiffs' Complaint must be dismissed pursuant to the terms of the Settlement Agreement and Release that resolved the 2009 Action (the "Settlement Agreement"). Specifically, Schneider argues that the Settlement Agreement serves as a contractual bar to preclude the claims raised by Plaintiffs in the instant action. (Doc. 37.)

"It is well-established that a release is the giving up or the abandoning of a claim or right to the person against whom the claim exists or the right is to be enforced or exercised . . . ." *Complaint of Bankers Trust Co.*, 752 F.2d 874, 883 (3d Cir.1984). Although federal courts have "the power to apply federal common law to interpret releases" of federal claims, courts are also "free to apply a rule of state law." *Three Rivers Motor Co. v. Ford Motor Co.*, 522 F.2d 885, 892 (3d Cir. 1975). In determining whether to apply state law or adopt a federal rule to interpret the release of a federal claim, "I must review the following factors: 'the need for a common federal rule, the extent to which the transaction in question fits within the normal course of activities regularly governed by state law, and the possibility of the state rule frustrating the operation of the federal statutory scheme.'" *Pocopson Indus., Inc. v. Hudson United Bank*, No. 05–6173, 2006 WL 2092578, at *8 (E.D. Pa. July 26, 2006) (O'Neill, J.) (citing *Three Rivers*, 522 F.2d at 892). In this case, "the Court finds that the factors weigh in favor of interpreting the release under state law, particularly in the present case where the parties' agreement includes a choice of law provision." *Phillis v. Harrisburg Sch. Dist.*, No. 07-1728, 2010 WL 1390663, at *5 (M.D. Pa. Mar. 31, 2010) (citing *Huber v. Taylor*, 469 F.3d 67, 80 (3d Cir. 2006)*); see also Three Rivers*, 522 F.2d at 891 ("State law customarily governs the field of contracts and it is to state rather than federal law that private parties are likely to refer when formulating the terms of a contractual release.").[2]

In Pennsylvania, the effect of a release is to be determined by the ordinary meaning of its language. *Republic Ins. Co. v. Paul Davis Systems of Pittsburgh South, Inc.*, 543 Pa. 186, 189, 670 A.2d 614, 615 (1995); *Buttermore v. Aliquippa Hospital*, 522 Pa. 325, 328-29, 561 A.2d 733, 735 (1989). Parties with possible claims may settle their differences upon

---

[2]     The Settlement Agreement provides that "this Release shall be governed by and interpreted in accordance with Pennsylvania law as it existed on the date of execution hereof." (*Settlement Agreement and Release*, ¶ 15.)

such terms as are suitable to them. *Buttermore*, 522 Pa. at 329, 561 A.2d at 735. As

articulated by the Pennsylvania Supreme Court:

> Parties with possible claims may settle their differences upon such terms as are suitable to them. They may agree for reasons of their own that they will not sue each other, or anyone else, for the event in question. When the parties to a release agree not to sue each other or anyone else for a given event, this can effect a discharge of others who have not contributed consideration for the release. This is true even if the language of the release is general, releasing, for example, "any and all other persons" rather than specifically naming the persons released. However improvident the release may be or subsequently prove to be for either party, their agreement, absent fraud, accident or mutual mistake, is the law of their case. If such a release can be nullified or circumvented, then every written release and every written agreement of any kind, no matter how clear and pertinent, can be set aside whenever one of the parties changes its mind or the injured party receives an inadequate settlement.

*Taylor v. Solberg*, 566 Pa. 150, 155-56, 778 A.2d 664, 667-68 (2001) (citations omitted).

Here, the Settlement Agreement unambiguously released the claims against Moving

Defendants that are asserted in the instant action. Specifically, the Settlement Agreement

provides that in exchange for $3,000.00 and return of two firearms:

> Plaintiffs do hereby agree to dismiss with prejudice all claims for damages, costs and fees against Defendants which they have made or which they could have made in connection with the action captioned *David Lee Morris, et al. v. Ronald Kesselring, et al.*, No. 1:09-CV-1739, United States District Court for the Middle District of Pennsylvania (hereinafter the "captioned action").

(*Settlement Agreement and Release*, ¶ 3.) Moreover, "[i]t is further understood and agreed

by the parties and the Plaintiffs, . . . do hereby agree to fully and forever remise, release ,

acquit and discharge completely and absolutely the said Defendants from any and all

actions, causes of action, suits, claims, damages and demands of every kind, . . ." (*Id*. at

¶ 4.) In addition, Plaintiffs agreed to accept the terms of the Settlement Agreement in their

own right, and on behalf of their heirs, executors, administrators and/or assigns, "as full

settlement and satisfaction of any and all actions, causes of actions, agreements,

judgments, claims, damages, loss of services, costs, expenses of litigation and attorneys'

fees arising in any way from the captioned litigation." (*Id*. at ¶ 5.) Further, the "Release is

intended to avoid this and future litigation against the above-named Defendants released

herein and to be final and complete." (*Id*. at ¶ 7.)

Based on the clear terms of the Settlement Agreement, Plaintiffs released all claims which they advanced or could have advanced against Moving Defendants. As a result, the constitutional claims asserted against Schneider in this case are precluded and will be dismissed.[3] And, although the Third Circuit has instructed that a district court must permit a curative amendment if a claim is vulnerable to a 12(b)(6) dismissal, a court need not grant leave to amend if amendment would be inequitable or futile. *See Phillips v. Cnty. of Allegheny,* 515 F.3d 224, 236 (3d Cir. 2008). Because the Settlement Agreement bars Plaintiffs' claims against Schneider, amendment of these claims would be futile. Thus, the claims against Schneider will be dismissed with prejudice.

## B. The Motion for Attorney's Fees

Defendants West Manheim Township, Hippensteel, and Schneider also seek recovery of their attorney's fees incurred in defending this action under Rule 11 of the Federal Rules of Civil Procedure and 42 U.S.C. § 1988.

Rule 11(b) provides:

By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

---

[3]    The claims against Defendants West Manheim Township and Hippensteel have all previously been dismissed with prejudice. Thus, further discussion on the status of these claims is unnecessary, and these claims no longer remain in this action.

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Under Rule 11(c), "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1).  When a request for sanctions is made by motion under Rule 11, the motion "must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2).

Sanctions will not be imposed in this case under Rule 11.  The record is devoid of any indication that Moving Defendants complied with the requirements of Rule 11(c)(2) and served the motion for sanctions on Plaintiffs twenty-one days before filing. *See* Fed. R. Civ. P. 11(c)(2).  According to the Third Circuit, "if the twenty-one day period is not provided, the [Rule 11] motion must be denied." *Metro. Life Ins. Co. v. Kalenevitch*, 502 F. App'x 123, 125 (3d Cir. 2012) (quoting *In re Schaefer Salt Recovery*, 542 F.3d 90, 99 (3d Cir. 2008)).  As a result, the Rule 11 motion for sanctions will be denied.

Defendants also seek attorney's fees pursuant to 42 U.S.C. § 1988.  Section 1988 provides: "[i]n any action or proceeding to enforce a provision of section[ ] . . . 1983 . . . , the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, . . ." 42 U.S.C. § 1988(b).  The "prevailing party" can be either the plaintiff or the defendant, "but a prevailing defendant is entitled to attorney's fees only 'upon a finding that the plaintiff's action was frivolous, unreasonable or without foundation . . . .'" *Barnes Found. v. Twp. of Lower Merion*, 242 F.3d 151, 157-58 (3d Cir. 2001) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 416-17, 98 S. Ct. 694, 700, 54 L. Ed. 2d 648 (1978)).  A court need not find the plaintiff brought the action in bad faith to award attorney's fees to the prevailing defendant, but the court must "'resist the

understandable temptation to engage in *post hoc* reasoning by concluding that because a plaintiff did not ultimately prevail his action must have been unreasonable or without foundation.'" *Id*. at 158 (quoting *Christiansburg*, 434 U.S. at 421-22, 98 S. Ct. 694).

The Third Circuit has identified a number of factors relevant to a court's determination whether an award of attorneys' fees to a prevailing defendant is appropriate under § 1988, including: (1) whether the plaintiff established a *prima facie* case; (2) whether the defendant offered to settle; (3) whether the case was dismissed prior to trial; (4) whether the case involved an issue of first impression requiring judicial resolution; (5) whether the controversy was based on a real threat of injury to the plaintiff; and (6) whether the trial court found the suit frivolous. *Barnes Found.*, 242 F.3d at 158. These considerations, however, are only guidelines, not strict rules. *Id*.

As noted, the Court previously declined to award attorney's fees to Defendants Strausbaugh and Barney under § 1988. (Docs. 30; 31.) There is no reason to depart from this reasoning or reach a different conclusion with respect to Defendants West Manheim Township, Hippensteel, and Schneider's request for attorney's fees. Accordingly, Moving Defendants will not be awarded attorney's fees under § 1988.

## IV. Conclusion

For the above stated reasons, the motion to dismiss filed by Defendants West Manheim Township, Timothy Hippensteel, and Officer Schneider will be granted, but the motion for attorney's fees will be denied.

An appropriate order follows.


 July 31, 2013                                    /s/ A. Richard Caputo
Date                                             A. Richard Caputo
                                                 United States District Judge

12