**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DAVID MORRIS and PAMELA MORRIS,  Plaintiffs,  v.  WEST MANHEIM TOWNSHIP, CHIEF TIMOTHY HIPPENSTEEL, OFFICER SCHNEIDER, SCOTT STRAUSBAUGH, MARK BARNEY, and KEVIN NULL,  Defendants. | CIVIL ACTION NO. 1:CV-12-1647  (JUDGE CAPUTO) |

**MEMORANDUM**

Presently before the Court is Defendant Kevin Null's ("Null") Motion for Judgment on the Pleadings. (Doc. 60.) For the reasons that follow, the motion will be granted.

**I. Background**

Plaintiffs David and Pamela Morris (collectively, "Plaintiffs") commenced this action against Defendants West Manheim Township, two police officers, Chief Timothy Hippensteel ("Hippensteel") and Officer Schneider ("Schneider"), the West Manheim Township Manager Null, and two private citizens, Scott Strausbaugh ("Strausbaugh") and Mark Barney ("Barney"), for alleged violations of their civil rights. (*Compl.*, ¶ 1.) As set forth in the Complaint, in October 2007, Plaintiffs acquired a property at 222 Hobart Road, Hanover, Pennsylvania (the "Property"). (*Compl.*, ¶ 7.) The Property carried with it access to an easement for use of a driveway to allow safe exit and entry from their home to Hobart Road. (*Id*. at ¶ 8.) The easement had been in uninterrupted use since the 1950s. (*Id*. at ¶ 11.)

On or about August 18, 2010, David and Pamela Morris were plaintiffs in a prior federal lawsuit, *Morris v. Kesselring, et al.*, No. 1:09-cv-1739 (M.D. Pa.) (the "2009 Action"),

asserting claims for violations of their federally guaranteed rights. (*Id.* at ¶ 5.)[1]  Around this time, Strausbaugh and Barney placed posts and gates across the easement. (*Id.* at ¶ 9.)

Thereafter, on August 18, 2010, Plaintiffs spoke with Schneider who told them they were not allowed to use the easement. (*Id.* at ¶ 10.)  Schneider told Plaintiffs they would be charged with criminal trespass or burglary if they touched or removed the gates or posts. (*Id.*)  Schneider indicated that his orders came from Hippensteel and that the Supervisors voted on it. (*Id.*)

Plaintiffs then spoke with Hippensteel, the Chief of the West Manheim Township Police Department. (*Id.* at ¶ 12.)  Hippensteel informed Plaintiffs that they would be arrested if they used the easement or interfered with the gates and posts. (*Id.* at ¶ 13.)

Plaintiffs then initiated their own investigation to determine if permits had been issued for the erection of the gates or posts on the easement. (*Id.* at ¶¶ 14-15.)  Plaintiffs spoke with Heather Neiderer at the West Manheim Township municipal building.  Plaintiffs were informed that no permits had been requested or issued, but Ms. Neiderer was not allowed to further discuss the blockage of the easement. (*Id.* at ¶ 16.)  Ms. Neiderer then asked Null to speak with Plaintiffs. (*Id.*)  Null "told the plaintiffs that he was not interested in talking to the plaintiffs about the Township's role in facilitating the blockage of their right of way, a valuable property right." (*Id.* at ¶ 17.)  Null further stated to Plaintiffs that "he did not want to 'bother with it' dismissing their requests for information and assistance for help out of hand. Null, speaking for the Township as one of its chief policymakers and leaders, yet they

---

[1]  West Manheim Township, Hippensteel, Schneider, Strausbaugh, and Barney were all defendants in the 2009 Action. (*Compl.*, ¶ 5)  The 2009 Action was ultimately settled as against West Manheim Township, Hippensteel, and Schneider. (*Id.* at ¶¶ 5-6.)  And, as against Strausbaugh and Barney, the action was dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See Morris v. Kesselring, et al.*, No. 1:09-cv-1739 (M.D. Pa. May 9, 2011), ECF No. 156.  The Third Circuit affirmed the dismissal of the action. *See Morris v. Kesserling*, 514 F. App'x 233, 236 (3d Cir. 2013).

[sic] confirmed the threats and directives provided by the police officer defendants." (*Id*. at ¶ 18.)  Without use of the easement, Plaintiffs are required to drive a considerable distance through unsafe traffic conditions to access their mailbox. (*Id*. at ¶ 19.)

Prior to Strausbaugh and Barney's actions, Plaintiffs received no notice, warnings, or indications that the easement would be blocked. (*Id*. at ¶¶ 20-21.)  West Manheim Township ratified and enforced Strausbaugh and Barney's conduct via police edict. (*Id*. at ¶ 20.)

Based on the foregoing, Plaintiffs filed the Complaint in this action on August 17, 2012 asserting two claims against all Defendants. (*Compl*.)  Count I asserts a retaliation claim under the First Amendment, while Count II alleges that all Defendants violated Plaintiffs' Fourteenth Amendment substantive due process rights by depriving them of their property interest in the use of the easement.

Defendants West Manheim Township, Hippensteel, Strausbaugh, Barney, and Schneider all filed motions to dismiss the Complaint.  The motions to dismiss were granted and the claims against these Defendants were dismissed with prejudice. (Docs. 18; 19; 54; 55.)

Null, however, filed an Answer with Affirmative Defenses on June 13, 2013. (Doc. 46.)  Null was subsequently granted leave to file an Amended Answer with Affirmative Defenses, which was filed on September 18, 2013. (Doc. 59.)

On October 10, 2013, Null filed the instant motion for judgment on the pleadings, (Doc. 60), and a brief in support on October 24, 2013. (Doc. 61.)  Plaintiffs filed a brief in opposition to Null's motion on November 29, 2013. (Doc. 68.)  As such, the motion for judgment on the pleadings is now ripe for disposition.

## II. Legal Standard

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment "[a]fter the

pleadings are closed-but early enough not to delay trial." Fed. R. Civ. P. 12(c). Judgment on the pleadings is appropriate "if the movant clearly establishes there are no material issues of fact, and he is entitled to judgment as a matter of law." *Sikirika v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir. 2005). "A material issue of fact that will prevent a motion under Rule 12(c) from being successful may be framed by an express conflict on a particular point between the parties' respective pleadings. It also may result from the defendant pleading new matter and affirmative defenses in his answer." Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 1367. In determining a motion for judgment on the pleadings, a court considers "the pleadings and attached exhibits, undisputedly authentic documents attached to the motion for judgment on the pleadings if plaintiffs' claims are based on the documents, and matters of public record." *Atiyeh v. Nat'l Fire Ins. Co. of Hartford*, 742 F. Supp. 2d 591, 595 (E.D. Pa. 2010) (citations omitted). "The standards governing Rule 12(c) motions are the same ones that govern motions to dismiss under Rule 12(b)(6)." *Allah v. Hayman*, 442 F. App'x 632, 635 (3d Cir. 2011) (citing *Spruill v. Gillis*, 372 F.3d 218, 223 n.2 (3d Cir. 2004)). Thus, the Court must view the facts and the inferences to be drawn from the facts in the light most favorable to the nonmoving party. *Sikirika*, 416 F.3d at 220.

### III. Discussion

Plaintiffs' claims against Null are asserted pursuant to 42 U.S.C. § 1983. Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen . . . or other person . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured, . . ." 42 U.S.C. § 1983. "To establish liability under 42 U.S.C. § 1983, a plaintiff must show that the defendants, acting under color of law, violated the plaintiff's federal constitutional or statutory rights, and thereby caused the

4

complained of injury." *Elmore v. Cleary*, 399 F.3d 279, 281 (3d Cir. 2005) (citing *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 590 (3d Cir. 1998)).

In his motion, Null argues that he is entitled to judgment on the pleadings on both of Plaintiffs' claims.[2]  With respect to the First Amendment claim, Null argues that Plaintiffs' claim fails to demonstrate a causal link between Plaintiffs' constitutionally protected conduct and the alleged retaliatory action.  As to the Fourteenth Amendment claim, Null asserts that Plaintiffs fail to set forth any facts which would support an inference that he participated in the purported deprivation of their substantive due process rights.

**A.    Plaintiffs' First Amendment Claim**

A First Amendment retaliation claim consists of three elements: (1) constitutionally protected conduct; (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) a causal link between the constitutionally protected conduct and the retaliatory action. *Thomas v. Independence Twp.*, 463 F.3d 285, 296 (3d Cir. 2006) (citing *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003)).  To establish the requisite causal connection for a retaliation claim predicated on the First Amendment, the plaintiff "usually must prove one of two things: (1) an unusually suggestive time proximity between the protected activity and the allegedly retaliatory action; or (2) a pattern of antagonism coupled with timing to establish a causal link." *DeFranco v. Wolfe*, 387 F. App'x 147, 155 (3d Cir. 2010) (citing *Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007)).

Here, Plaintiffs fail to set forth a First Amendment retaliation claim against Defendant Null.  For one, the gravamen of Plaintiffs' retaliation claim is based on the filing of the 2009

---

[2] While the Complaint fails to indicate whether the claims are asserted against Null in his individual or official capacity, I agree with Null that Plaintiffs' claims are in the nature of personal capacity claims.

Action. (*Compl.*, ¶ 26 (stating that Defendants "retaliate[d] because the plaintiffs have filed valid claims against them in the first lawsuit these plaintiffs brought").)  Null, however, was not a defendant in the 2009 Action.

Moreover, Plaintiffs commenced the 2009 Action on September 8, 2009, and the alleged retaliatory conduct relating to the placement of the gates on the easement occurred in August 2010.  While the "'mere passage of time is not legally conclusive proof against retaliation, . . . the passage of an extended period of time between protected activity and an alleged retaliatory action weighs against a finding of a causal link where there is no evidence of retaliatory animus during the intervening period.'" *Perna v. Twp. of Montclair*, 409 F. App'x 581, 584 (3d Cir. 2011) (quoting *Shaner v. Synthes*, 204 F.3d 494, 505 (3d Cir. 2000)).  This eleven-month period from the filing of the 2009 Action to the alleged retaliatory action related to the blocking of Plaintiffs' easement is not so "unusually suggestive" as to give rise to an inference of causation. *See, e.g., Revell v. City of Jersey City*, 394 F. App'x 903, 907 (3d Cir. 2010) (alleged retaliatory action which occurred one year later insufficient to satisfy "unusually suggestive temporal proximity" standard); *C.M v. Board of Educ. of Union Cnty. Reg'l High Sch. Dist.*, 128 F. App'x 876, 883 (3d Cir. 2005) (three-month gap between protected conduct and alleged retaliatory action was not "unusually suggestive" of improper motive); *Buck Foston's New Brunswick LLC v. Cahill*, No. 11-03731, 2013 WL 5435289, at *15 (D.N.J. Sept. 27, 2013) (five months not "unusually suggestive"); *Fisher v. Transue*, No. 04-CV-2756, 2008 WL 3981521, at *10 (M.D. Pa. Aug. 22, 2008) (noting that Third Circuit precedent "suggest[s] that the difference in time must be measured in days, rather than in weeks or months, to establish causation on its own," and finding a "period of twenty-two days is too lengthy to give rise to an inference of causation"); *Conklin v. Warrington Twp.*, No. 06–2245, 2008 WL 2704629, at *12 (M.D. Pa. July 7, 2008) (two month period not so "unduly suggestive as to give rise to an inference of causation").

Likewise, the Complaint fails to set forth facts demonstrating causation through "a pattern of antagonism coupled with timing." *See Lauren W.*, 480 F.3d at 267.  Indeed, no action is alleged to have been taken by any Defendant, including Null, between the filing of the 2009 Action and the encumbrance of Plaintiffs' easement in August 2010.  Accordingly, as Plaintiffs fail to allege a causal link between their constitutionally protected conduct and Null's alleged retaliatory action, Null is entitled to judgment on the pleadings on the First Amendment claim.

**B.     Plaintiffs' Fourteenth Amendment Claim**

In Count II of the Complaint, Plaintiffs assert that Defendant Null violated their substantive due process right to the use and enjoyment of the easement in violation of the Fourteenth Amendment.  To prevail on a substantive due process claim, "a plaintiff must prove the particular interest at issue is protected by the substantive due process clause and the government's deprivation of that protected interest shocks the conscience." *Chambers v. Sch. Dist. of Philadelphia Bd. of Educ.*, 587 F.3d 176, 189 (3d Cir 2009) (quoting *Chainey v. Street*, 523 F.3d 200, 219 (3d Cir. 2008)).  "Real property ownership" is an interest entitled to substantive due process protection. *Nicholas v. Pa. State Univ.*, 227 F.3d 133, 141 (3d Cir. 2000)).

Null does not dispute that Plaintiffs have a property interest entitled to substantive due process protection in this case. (Doc. 60, 18.)  However, Null contends that the Complaint is devoid of factual allegations that he was personally involved in the claimed deprivation of Plaintiffs' property interest.

Defendant Null's motion for judgment on the pleadings with respect to the substantive due process claim will be granted.  "'In order to prevail on a § 1983 claim against multiple defendants, a plaintiff must show that each individual defendant violated his constitutional rights.'" *Kaucher v. Cnty. of Bucks*, 455 F.3d 418, 431 n.7 (3d Cir. 2006)

(quoting *Estate of Smith v. Marasco (Smith II)*, 430 F.3d 140, 151 (3d Cir. 2005)).  Here, Plaintiffs fail to set forth facts supporting the allegation that Null "depriv[ed] the plaintiffs of the use and enjoyment of their property without due process of law." (*Compl.*, ¶ 33.) Indeed, Defendant Null's alleged involvement related to the deprivation of Plaintiffs' use of the easement occurred *after* the gate and posts were already erected on the easement. (*Id.* at ¶¶ 17-18.)  Moreover, the Complaint alleges only that Null refused to discuss with Plaintiffs the blockage of the easement. (*Id.*)  Outside of those averments, Plaintiffs do not detail any facts implicating Null in the erection of the posts and gate on the easement or in the claimed conspiracy to deprive Plaintiffs of their constitutional right. (*Id.* at ¶ 37.)  As a result, Plaintiffs have not adequately alleged facts that Defendant Null was personally involved in the encumbrance of the easement or in the claimed deprivation of their property interest.  Accordingly, Plaintiffs cannot establish that Null personally participated in the alleged deprivation of their Fourteenth Amendment substantive due process right.

### IV. Conclusion

For the above stated reasons, Defendant Null's motion for judgment on the pleadings will be granted.  Judgment will be entered in favor of Null and against Plaintiffs on Counts I and II of the Complaint.

An appropriate order follows.

February 13, 2014              /s/ A. Richard Caputo
Date                           A. Richard Caputo
                               United States District Judge